UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HUNTER BIDEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 1:23-cv-02711 |

**DEFENDANT UNITED STATES' RESPONSE IN OPPOSITION
TO IRS SUPERVISORY SPECIAL AGENT GARY SHAPLEY AND
<u>IRS SPECIAL AGENT JOSEPH ZIEGLER'S MOTION TO INTERVENE</u>**

In this action, Robert Hunter Biden sues the United States of America and the Internal Revenue Service (collectively, "the United States"), alleging that two IRS employees wrongfully disclosed his confidential tax return information. *See* ECF No. 17. The two government employees, IRS Supervisory Special Agent Gary Shapley and IRS Special Agent Joseph Ziegler ("Proposed Intervenors"), move to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) and, in the alternative, permissively under Fed. R. Civ. P. 24(b)(1)(B). ECF No. 22. As detailed below, the Proposed Intervenors' motion to intervene should be denied because they lack Article III standing, they do not have a legally protected interest in this case, and permitting them to intervene would unnecessarily delay this case and cloud the issues central to Plaintiff's claims against the government. The Proposed Intervenors seek to intervene because the United States decided to file a *partial* motion to dismiss. The United States—not the Proposed Intervenors—has the right to decide its litigation strategy, which includes the right to decide what arguments to make and when to make them. Mere disagreement with the United States' litigation strategy is not a basis for intervening under Fed. R. Civ. P. 24.

**BACKGROUND**

On September 18, 2023, Plaintiff Robert Hunter Biden sued the United States alleging that the Proposed Intervenors and their personal attorneys unlawfully disclosed his confidential tax return information in violation of I.R.C. § 6103. ECF No. 1. Plaintiff alleges that, as a result, he is entitled to recover damages under I.R.C. § 7431 (Count I). *Id.* Plaintiff further alleges that the IRS failed to establish appropriate administrative, technical, or physical safeguards over the IRS's records system to protect the security and confidentiality of his return information in violation of the Privacy Act, 5 U.S.C. § 552a(e)(10) (Count II). *Id.* The United States moved to dismiss and, in response to that motion, Plaintiff filed an amended complaint on February 5, 2024. ECF No. 15. Plaintiff's amended complaint is substantively the same as Plaintiff's original complaint.

The United States moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) to dismiss Count I of the amended complaint, in part, and Count II of the amended complaint in its entirety. The United States moved to dismiss Count I to the extent it was based on the alleged wrongful disclosures by the Proposed Intervenors' personal attorneys because Plaintiff failed to allege that those attorneys are officers or employees of the United States. As alleged, the claims in Count I for the actions of the Proposed Intervenors' attorneys are beyond the United States' waiver of sovereign immunity for claims arising out of the wrongful disclosure of return information by an "officer or employee of the United States." I.R.C. § 7431(a)(1). The United States moved to dismiss Count II because Plaintiff's request for damages failed to allege tangible pecuniary harm as required by the Supreme Court, his requested injunctive relief is not authorized by statute, and his amended complaint did not allege facts sufficient to support a Privacy Act claim. The United States' partial motion to dismiss is fully briefed and remains pending.

On May 17, 2024, the Proposed Intervenors, displeased that the United States did not seek a complete dismissal of this action, jointly moved to intervene as intervenor-defendants so they may do so. ECF No. 22. The Court should deny that motion. The United States put Plaintiff and the Court on notice that it disagrees with Plaintiff's claims that the Proposed Intervenors violated § 6103. ECF No. 21 at 1 n.1 (noting that although the United States seeks "to dismiss Count I only in part, the United States disputes that the IRS employees' alleged disclosures violated I.R.C. § 6103 and that Plaintiff is entitled to recover anything under I.R.C. § 7431(a)(1). After the Court decides the pending partial motion to dismiss, the United States will answer the remaining allegations in the amended complaint and will raise all available defenses."). That the United States chose to wait for a fully developed factual record to present its defenses provides no basis for private citizens to intervene in this suit.

## ARGUMENT

I. **The Proposed Intervenors are not entitled to intervene as a matter of right under Rule 24(a)(2).**

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. Under Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* "Consistent with this rule, the D.C. Circuit requires putative intervenors to demonstrate (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Ctr. for*

3

*Food Safety v. United States Env't Prot. Agency*, No. 23-1633, 2024 WL 1299338, at *2 (D.D.C. Mar. 26, 2024) (Kollar-Kotelly, J.) (quoting authority omitted).

"The D.C. Circuit also requires parties seeking to intervene under Rule 24(a)—including putative defendant-intervenors—to demonstrate that they have standing under Article III of the Constitution." *Id.*; *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-32 (D.C. Cir. 2003) ("We have further held that, in addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution."); *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013) ("It is therefore circuit law that intervenors must demonstrate Article III standing[.]").

The Proposed Intervenors rely on dicta from *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017), to suggest that this rule has been abrogated, and that they do not need to establish standing to intervene. ECF No. 22 at 14-15.[1] They are wrong. *Town of Chester* held that an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing. 581 U.S. at 440. But, as recognized by the D.C. Circuit, "*Town of Chester* did not address whether an intervenor must show standing when it seeks the same relief as that sought by a party." *Env't Integrity Project v. Pruitt*, 709 Fed. Appx. 12, 13 (D.C. Cir. 2017). *Pruitt* concluded that "[o]ur prior precedents, therefore, remain undisturbed." *Id.*; *see also Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 n. (D.C. Cir. 2018) ("*Town of Chester* thus does not cast doubt upon, let alone eviscerate, our settled precedent that all intervenors must demonstrate Article III standing."). Consequently, Article III

---

[1] The United States refers to the page numbers automatically assigned by the Court's CM/ECF system, appearing at the top of each page.

standing is a threshold issue the Proposed Intervenors must establish.

They cannot do so. Nor have the Proposed Intervenors shown they have a legally protected interest in this case. Because they do not have a legally protected interest, the Proposed Intervenors cannot show that the disposition of this action may as a practical matter impair or impede their ability to protect such interest, or that such interest is not adequately represented by the United States.

### A.     The Proposed Intervenors do not have Article III standing.

"The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Humane Soc'y Int'l v. U.S. Fish & Wildlife Serv.*, No. 16-720, 2021 WL 4739036, at *2 (D.D.C. Oct. 12, 2021) (Kelly, J.). To establish Article III standing, the Proposed Intervenors must show "injury in fact, causation, and redressability." *Ctr. for Food Safety*, 2024 WL 1299338, at *3; *see also TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021). The "injury in fact" element requires "a showing of an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Deutsche Bank Nat. Tr. Co.*, 717 F.3d at 193 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

For an injury to be "concrete" it must "be 'real, and not abstract.'" *Cherokee Nation v. United States Dep't of the Interior*, 643 F. Supp. 3d 90, 105-06 (D.D.C. 2022) (Kelly, J.) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). "The 'actual or imminent prong' . . . requires that the injury be either already inflicted or at least likely to occur." *Id.* "If a plaintiff seeks to establish standing at the pleading stage based on an 'imminent 'injury, she must plausibly allege either that the 'threatened injury is certainly impending' or at least that 'there is a substantial risk that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573

U.S. 149, 158 (2014)). "A substantial risk' of future harm is more than a 'possible future injury' or even an 'objectively reasonable likelihood' of future injury." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10, 414 n.5 (2013)).

The Proposed Intervenors fail to establish injury-in-fact. They are not (nor could they be) named defendants in the Amended Complaint, there are no claims asserted against them, and they face no liability. Plaintiff's claims are against the United States, not the Proposed Intervenors and the Proposed Intervenors acknowledge that Plaintiff may not sue them for the alleged wrongful disclosures. ECF No. 22 at 16 ("Section 7431 prevents a plaintiff from bringing an action against individual IRS employees, such as Shapley and Ziegler"). Thus, even if this Court were to find that the Proposed Intervenors made unauthorized disclosures of Plaintiff's return information in violation of § 6103 and without good faith, the United States—not the Proposed Intervenors—would be liable under § 7431(a)(1) to Plaintiff.

At most, the Proposed Intervenors claim that they "*could* face reputational and professional harm where the current parties allow any mischaracterizations of Shapley's and Zeigler's protected whistleblowing to be presented as violations of Section 6103." ECF No. 22 at 18 (emphasis added). According to the Proposed Intervenors, their "ability to continue to do their job [as federal agents]—and to progress in their careers—could be hampered by a finding by this Court that they violated Section 6103." *Id.* at 19. These speculative reputational and professional harms are present in every wrongful disclosure suit. If these potential harms are sufficient injuries to intervene, *all* federal employees accused of violating § 6103 possess standing to intervene in an action against the United States under § 7431(a). But Congress decided otherwise in 1982, when it repealed the statute that imposed liability for a wrongful disclosure on "such person' who made the disclosure (former § 7217) in favor of § 7431, which imposes liability on

6

the United States. *See* Tax Equity and Financial Responsibility Act of 1982, P.L. 97-248, § 357(b)(1).

As the Proposed Intervenors note, employees who, after an administrative investigation and proceeding, are found by the IRS to have violated § 6103 could face adverse employment action, including termination. ECF No. 22 at 18. Yet, the government could take no adverse action against such an employee without first affording him or her due process to challenge the proposed adverse action. *See e.g.*, *Vestal v. Dep't of Treasury*, 1 F.4th 1049, 1051 (Fed. Cir. 2021). Perhaps for that reason, the Proposed Intervenors do not allege the possibility of adverse employment action rooted in a finding by this Court as a basis for Article III standing. Instead, they speculate that such a finding could be used to impeach them in future criminal cases to which they are assigned as federal agents. ECF No. 22 at 19-20. Yet they also acknowledge this theoretical harm is speculative, disclaiming that any district courts would allow impeachment of either of the Proposed Intervenors on these grounds. *Id.*

The Proposed Intervenors also claim that they could "face other types of serious retaliation for their actions, including investigation and potential criminal prosecution by the Department of Justice and the Treasury Inspector General for Tax Administration." ECF No. 22 at 19. This is not a concrete and particularized harm that is actual or imminent. Even if the Court were to find that the Proposed Intervenors violated § 6103, such a finding would have no preclusive effect if there were ever a criminal prosecution brought against them based on the alleged unauthorized disclosures.

Finally, the Proposed Intervenors argue that their interests would be impaired if Plaintiff prevails in this case because they have "pending complaints pursuant to 5 U.S.C. § 2302 where they have alleged that the IRS engaged in prohibited personnel practices in reprisal for

7

substantially the same whistleblowing activity and subject matter at the core of this litigation." ECF No. 22 at 17. The motion cites to correspondence that details the basis of their § 2302 complaints. *Id.* at 18 n.3, 19 n.4. According to the Proposed Intervenors, they engaged in "protected whistleblowing activity" that resulted in their being excluded from working on Plaintiff's criminal investigation in October 2022, not receiving a promotion in January 2023, and being formally removed from the investigation on May 15, 2023. *Id.* The merits of the Proposed Intervenors' complaints are not relevant to Plaintiff's § 7431(a)(1) claims or Privacy Act claim. The alleged retaliatory conduct at issue in the § 2302 complaints predates the Proposed Intervenors' disclosures at issue in the Amended Complaint.[2] Moreover, Plaintiff's claims are based on the Proposed Intervenors' disclosures to the *media*, not their "protected whistleblowing activity." The Proposed Intervenors fail to explain how any decision by this Court could affect their § 2302 complaints. Thus, the Proposed Intervenors again fail to establish any concrete harm that justifies their being allowed to intervene in this case.

Moreover, even if they have demonstrated an injury in fact (they have not), the Proposed Intervenors have not shown that their alleged harms are redressable by this Court. Federal courts cannot redress "injury that results from the independent action of some third party not before the court." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). In keeping with this principle, courts are "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." *Clapper*, 568 U.S. at 413. Proposed Intervenors express concern about how they could face disciplinary action or a potential criminal

---

[2] Plaintiff alleges that the first unauthorized disclosure occurred on April 19, 2023, when a private attorney sent a letter to various members of Congress. ECF No. 17 ¶ 54. All other disclosures at issue in the Amended Complaint were to the media. *Id.* The Amended Complaint alleges that Mr. Shapley's first unauthorized disclosure occurred on May 24, 2023, and that Mr. Ziegler's first unauthorized disclosure occurred on July 20, 2023. *Id.*

investigation. But they fail to explain how a finding in Plaintiff's favor would *cause* any disciplinary action or criminal investigation, or how a finding in the United States' favor would *prevent* any disciplinary action or criminal investigation. If the Court finds that the Proposed Intervenors did not violate § 6103, that finding would not mean that the Court would then order the IRS or DOJ to put them back on the Biden criminal investigation or order that the Proposed Intervenors receive a promotion. Nor can the Court prevent attorneys from using the Proposed Intervenors' prior statements for impeachment purposes. Thus, the Proposed Intervenors have failed to establish that their alleged harms are redressable by this Court.

Without an adequate showing of an injury-in-fact and redressability, the Proposed Intervenors cannot establish Article III standing and they cannot intervene as a matter of right under Rule 24(a)(2). *See Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) ("Without having made the requisite showing of standing, the NRDC has not demonstrated a right to intervene in this action, and the court's analysis need proceed no further in this regard.").

### B. The Proposed Intervenors do not have a legally protected interest and thus cannot satisfy the remaining requirements under Rule 24(a)(2).

For the same reasons that the Proposed Intervenors fail to establish an injury-in-fact for purposes of Article III standing, they also fail to establish that they have a legally protected interest under Rule 24(a)(2). *See 100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269, 276 (D.D.C. 2014) (Contreras, J.) (explaining that the D.C. Circuit "generally treat[s] the standing analysis for intervention as of right as equivalent to determining whether the intervenor has a 'legally protected' interest under Rule 24(a)."). Because the Proposed Intervenors do not have a legally protected interest, they cannot satisfy the remaining prongs under Rule 24(a)(2) (*i.e.*, disposition of this action threatens to impair their legally protected interest and the existing

parties do not adequately represent their legally protected interest), since those prongs are premised on the existence of a legally protected interest. Accordingly, the Proposed Intervenors' motion to intervene under Rule 24(a)(2) should be denied.

## II. The Proposed Intervenors should not be permitted to intervene under Rule 24(b)(1)(B).

Permissive intervention under Rule 24(b) may be allowed when the movant presents the Court with: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 340 F.R.D. 1, 5 (D.D.C. 2021) (Sullivan, J.); *see also* Fed. R. Civ. P. 24(b)(1)(B). In addition, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 6. The Court may also consider "whether parties seeking intervention will significantly contribute to the just and equitable adjudication of the legal questions presented." *Id.* (quoting authorities omitted). "As its name reflects, 'permissive intervention is an inherently discretionary enterprise.'" *United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 108–09 (D.D.C. 2020) (Kelly, J.) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). A court "may deny permissive intervention even where a putative intervenor satisfies the requisite requirements." *Id.* at 109; *see also Ctr. for Biological Diversity v. United States Environ. Prot. Agency*, 274 F.R.D. 305, 313 (D.D.C. 2011) ("Even where a party clears the claim-or-defense threshold, the Court has 'considerable latitude' to grant or deny intervention based on the particular circumstances of the case.").

Although the motion to intervene is timely, the Proposed Intervenors make little effort to demonstrate that they can satisfy the remaining elements required for permissive intervention. As detailed above, the Proposed Intervenors will not be liable to Plaintiff even if they are found to

have made unauthorized disclosures of Plaintiff's return information. The Proposed Intervenors have no legally protected interest in this case and denying their motion to intervene will not prejudice them because, regardless of whether the Court rules for the United States or Plaintiff, that ruling will not directly impact the Proposed Intervenors.

In contrast, allowing the Proposed Intervenors to intervene—despite having no legally protected interest—will cause unnecessary delay and allow the Proposed Intervenors to inject irrelevant issues into this case. Indeed, throughout their motion, the Proposed Intervenors falsely accuse the Department of Justice of having "a conflict of interest in representing Defendant IRS's interest," ECF No. 22 at 9, and of failing to adequately defend the United States. *Id.* at 7, 9, 13, 23. The Proposed Intervenors allege that, because they made "legally protected disclosures regarding the conduct of the IRS, DOJ, and the Tax Division in criminally investigating the sitting President's adult son," *id.* at 17, the Department of Justice is not adequately defending the United States. *Id.* at 7, 9, 13, 23. That allegation is fiction.

Although the Proposed Intervenors attack government counsel, the real issue is that the Proposed Intervenors disagree with the United States' litigation strategy. The Proposed Intervenors believe the United States should have filed a Rule 12(b)(6) motion to dismiss Count I in its entirety, but disagreement with the United States' litigation strategy is not a sufficient basis for the Proposed Intervenors to intervene.

The Proposed Intervenors attach a proposed motion to dismiss to their motion to intervene. *See* ECF No. 22-2. In the motion to dismiss, they argue that the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 22-2 at 9. "A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim." *Bancroft Glob. Dev. v. United States*, 330

F. Supp. 3d 82, 90 (D.D.C. 2018) (Contreras, J.). "Complaints for the unlawful disclosure of tax information are not subject to the heightened pleading standard of Rule 9." *Id.* at 100. "[I]n a wrongful disclosure action, plaintiff must specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them, and the dates on which they were made." *Id.* at 101; *see also Castro v. United States*, No. 22-0016, 2022 WL 2056274, at *3 (N.D. Tex. May 4, 2022) (To state a claim under § 7431, "[Plaintiff] need only plead three things: what information was revealed, to whom, and under what circumstances.") (quoting authority omitted).

      The Proposed Intervenors' proposed motion to dismiss does not demonstrate that they ought to be allowed to intervene, nor that the government's defense of this case is inadequate. They spend much of the proposed brief taking aim at straw men, such as arguing that their disclosures to their private attorneys or to the Committee on Ways and Means were legally permissible disclosures—but Plaintiff does not allege that those disclosures were unlawful. *See* ECF No. 22-2 at 15-20. As for the media disclosures that are *actually* at issue, the Proposed Intervenors would principally argue that these claims must be dismissed because (1) the content of the disclosure does not meet the definition of "return information,"[3] or (2) that the disclosed

---

[3] The definition of "return information" is broad and includes "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]" I.R.C. § 6103(b)(2)(a). Return information does not include data that is in a form such that it cannot (i) be associated with a taxpayer or (ii) otherwise be used to identify a particular taxpayer directly or indirectly. *Id.* § 6103(b)(2); *see also Church of Scientology of Cal. v. Internal Revenue Serv.*, 484 U.S. 9, 11, 14-18 (1987) (mere removal of names and other identifying information is not enough to

information was entirely within the scope of earlier public disclosures by the Committee on Ways and Means. To resolve either argument would require an extensive review of facts outside the current record, including the entire substance of each media appearance and comparing them with hundreds of pages of Congressional testimony to determine whether the Proposed Intervenors disclosed any non-public information.

The absence of that information from the current record in this case makes the Proposed Intervenors' argument inappropriate for a motion to dismiss. Although the Proposed Intervenors attach a chart to their motion to dismiss that they allege contain the relevant excerpts of the Congressional testimony and the media interviews, the information in the chart lies outside the pleadings and would require the Court to convert the motion to dismiss the Proposed Intervenors wish to file to a motion for summary judgment. *See Castro*, 2022 WL 2056274, at *3 ("In many respects, the Government's Motion made the right arguments at the wrong time. Denial of the Motion says nothing of the relative merit of the Government's arguments; it simply says they belong in a motion for summary judgment or argument at trial.").

The Department of Justice is more than capable to challenge Plaintiff's claims and shepherd this case through that process. Indeed, the United States is the only party at risk for liability to Plaintiff under § 7431(a)(1), and it is in the best position to chart the Government's defense. The Proposed Intervenors have no basis to do so on their own when they cannot establish that they have a legally protected interest in this litigation, they have devoted much of their motion to intervene to lodge false and irrelevant claims against the United States, and their proposed motion to dismiss raises arguments better left addressed after discovery at summary

---

convert data from return information into nonreturn information without also placing such information into a new form that cannot be linked to a particular taxpayer, such as a composite statistical study).

judgment. The United States requests that the Court exercise its discretion and deny the Proposed Intervenors' motion to intervene under Rule 24(b)(1)(B).

## CONCLUSION

The Proposed Intervenors' motion to intervene should be denied because they fail to establish that they can intervene as a matter of right under Rule 24(a)(2) or that permissive intervention is warranted under Rule 24(b)(1)(B).

Dated: July 1, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9779 (v)
(214) 880-9741 (f)
Mary.E.Smith@usdoj.gov

*/s/ Jeremy A. Rill*
JEREMY A. RILL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-0878 (v)
(202) 616-8470 (f)
Bradley.Humphreys@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on July 1, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH