# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-cv-02711-RC |
| | Hon. Rudolph Contreras |
| UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO IRS SUPERVISORY SPECIAL AGENTS' JOINT MOTION TO INTERVENE AS INTERVENOR-DEFENDANTS

Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
WINSTON & STRAWN LLP
1901 L Street, NW Washington, DC 20036
202-282-5000 (ph)
202-282-5100 (fax)
AbbeLowellPublicOutreach@winston.com

*Counsel for Robert Hunter Biden*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   FACTUAL BACKGROUND ............................................................................. 1

III.  PROPOSED INTERVENORS CANNOT SATISFY THE REQUIREMENTS
FOR INTERVENTION AS A MATTER OF RIGHT AND LACK STANDING ............. 3

      A.  No Independent Basis For Article III Standing Exists............................................. 4

IV.  PERMISSIVE INTERVENTION IS ALSO NOT WARRANTED IN THIS CASE.......... 6

V.    CONCLUSION.................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*100Reporters LLC v. U.S. Dep't of Just.*,
  307 F.R.D. 269 (D.D.C. 2014) ................................................................................3

*Campaign Legal Ctr. v. FEC*,
  334 F.R.D. 1 (D.D.C. 2019) ...............................................................................4, 7

*Campaign Legal Ctr. v. FEC*,
  466 F. Supp. 3d 141 (D.D.C. 2020) .........................................................................7

*Crossroads Grassroots Pol'y Strategies v. FEC*,
  788 F.3d 312 (D.C. Cir. 2015) .................................................................................4

*Ctr. for Food Safety v. EPA*,
  2024 WL 1299338 (D.D.C. Mar. 26, 2024) ............................................................3

*Deutsche Bank Nat'l Tr. Co. v. F.D.I.C.*,
  717 F.3d 189 (D.C. Cir. 2013) .................................................................................5

*D.C. v. Potomac Elec. Power Co.*,
  826 F. Supp. 2d 227 (D.D.C. 2011) .........................................................................6

*Old Dominion Elec. Coop. v. Fed. Energy Reg. Comm.*,
  892 F.3d 1223 (D.C. Cir. 2018) ...............................................................................5

*SEC v. Prudential Sec. Inc.*,
  136 F.3d 153 (D.C. Cir. 1998) .................................................................................3

*Stellar IT Solutions, Inc. v. Immigr. & Customs Enf't*,
  2019 WL 3430746 (D.D.C. July 30, 2019) .........................................................7, 8

*Town of Chester v. Laroe Ests., Inc.*,
  581 U.S. 433 (2017) .............................................................................................4, 5

*United States v. Am. Tel. & Tel. Co.*,
  642 F.2d 1285 (D.C. Cir. 1980) ...............................................................................3

*United States v. Facebook*,
  456 F. Supp. 3d 105 (D.D.C. 2020) ......................................................................3, 8

*Voltage Pictures, LLC v. Vazquez*,
  277 F.R.D. 28 (D.D.C. 2011) ...................................................................................8

**Statutes**

5 U.S.C. § 552a .................................................................................................................2

26 U.S.C. § 6103 .........................................................................................................1, 2, 5

26 U.S.C. § 7413 ...........................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 24(a) ....................................................................................................1, 2, 3

Fed. R. Civ. P. 24(b) ....................................................................................................1, 2, 6

U.S. Const. art. III .......................................................................................................3, 4, 5

## I.       INTRODUCTION

IRS Supervisory Special Agents Shapley and Ziegler (the "agents" or the "Proposed Intervenors") seek leave from this Court to intervene as defendants in Mr. Biden's lawsuit against the IRS to "(1) move to dismiss the Amended Complaint in its entirety, and (2) cite to legal authority not yet submitted to the Court by either party, to establish that their whistleblower activities were completely lawful, pursuant to whistleblower protections built into federal law, and important in ensuring that no person is above the law regardless of partisan affiliation or familial relationship." (DE 22 at 8).  The agents' arguments have no basis in fact or law, nor does their bid to intervene either as a matter of right or permissively satisfy the precise requirements of Federal Rules of Civil Procedure 24(a) and 24(b), respectively.  Put simply, this is a blatant attempt by disgruntled former case agents to dismiss claims that were not made against them, and to insert the same type of inflammatory and irrelevant political rhetoric that caused them to be removed from the agency's investigation of Mr. Biden in the first place.  It has no place in this litigation brought against the Proposed Intervenors' employer.  Accordingly, this Court should deny the agents' motion to intervene and prevent this partisan spectacle.

## II.      FACTUAL BACKGROUND

Beginning in at least April 2023, IRS agents Shapley and Ziegler, with the help of their private attorneys and outside organizations, made repeated and numerous unauthorized disclosures of Mr. Biden's confidential return information during more than 20 nationally televised and non-congressionally sanctioned interviews in violation of 26 U.S.C. § 6103(b)(8).[1]  (DE 15 at ¶ 4).

---

[1] Notably, as described in the Amended Complaint at 9–10, 18, certain of these unlawful disclosures were aided or furthered by the agents' private attorneys, two of whom now serve as Proposed Intervenors' counsel in the instant motion.  One counsel in particular has expanded his public attacks against Mr. Biden, shamelessly using this matter to raise his public profile as he campaigns for a  West Virginia House of Representatives seat.  *See, e.g.*, *Tristan Leavitt: Hunter Biden And Ukrainian Firm Burisma Mutually Benefited From Each Other*, Just The News (June

These unauthorized disclosures form the basis of Mr. Biden's lawsuit against the IRS, which he

filed on September 18, 2023 and further amended on February 2, 2024.  In his suit against the IRS,

Mr. Biden seeks to recover under 26 U.S.C. § 7413 (Count I) and 5 U.S.C. § 552a (Count II)—

statutes that create causes of action against the United States government, *not* against government

employees.  They have not been named as defendants, Mr. Biden seeks no claims against or

damages from them, and this action has no impact on these two agents apart from whatever

proceedings the IRS has or has not taken against them.  Despite their conduct forming the basis

for the present action, Shapley and Ziegler lack the basic requirements for intervention as of right

or permissive intervention.

On May 12, 2024, counsel for the Proposed Intervenors notified Mr. Biden's counsel that

Shapley and Ziegler intended to move to intervene in this action pursuant to Federal Rules of Civil

Procedure 24(a) and/or 24(b), for the purpose of filing a motion to dismiss all counts in the

Amended Complaint.[2]  Mr. Biden's counsel responded the following day that the Rule 24

requirements are not satisfied here, and Mr. Biden opposes the intervention, particularly because

the Defendant, the IRS, has the full and complete ability to raise and defend this action if it so

desires, and in the manner it chooses.  On May 17, 2024, the Proposed Intervenors filed the instant

---

22, 2024), https://justthenews.com/videos/tristan-leavitt-hunter-biden-and-ukrainian-firm-burisma-mutually-benefited-each-other; *97% Of People Convicted Of Hunter Biden's Gun Charges Go To Prison For Many Years: Mike Davis*, *'The Ingraham Angle' panelists Mike Davis and Tristan Leavitt analyze the likelihood of the first son serving time in prison following his conviction*, Fox News (June 11, 2024), https://www.foxnews.com/video/6354830290112.

[2] As the Court is aware, the IRS moved to dismiss Mr. Biden's Section 6103 claim (Count I) in part only as to those disclosures made by the two agents' attorneys, claiming the IRS is only responsible when improper disclosures are made directly by IRS employees and not when IRS employees direct others to make the improper disclosures.  (DE 17 at 1–2).  The IRS moved to dismiss Mr. Biden's Privacy Act claim (Count II) in full.  *Id.*  Briefing on Defendant's partial motion to dismiss the Amended Complaint was completed on May 10, 2024.

joint motion to intervene (DE 22), along with a proposed 12(b)(6) motion to dismiss (DE 22, Ex.

1) and memorandum of law in support of that motion (DE 22, Ex. 2).

### III.    PROPOSED INTERVENORS CANNOT SATISFY THE REQUIREMENTS FOR INTERVENTION AS A MATTER OF RIGHT AND LACK STANDING

Shapley and Ziegler are not entitled to intervene as a matter of right because they do not

satisfy the four precise requirements for doing so and lack Article III standing.  "A nonparty may

intervene as of right under Rule 24(a)(2) if it satisfies 'four requirements: (1) the application to

intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the

action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an

adequate representative of the applicant's interests.'"  *United States v. Facebook*, 456 F. Supp. 3d

105, 108 (D.D.C. 2020) (citing *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)).

Mr. Biden does not contest that the application for intervention is timely.

Proposed Intervenors lack any legally protected interest relating to the property or

transaction which is the subject of this action, and thus lack the required Article III standing.  *See,*

*e.g.*, *100Reporters LLC v. U.S. Dep't of Just.*, 307 F.R.D. 269, 276 (D.D.C. 2014) (Contreras, J.)

("Courts in this circuit generally treat the standing analysis for intervention as of right as equivalent

to determining whether the intervenor has a 'legally protected' interest under Rule 24(a)").  "A

legally protectable interest is 'of such a direct and immediate character that the intervenor will

either gain or lose by the direct legal operation and effect of the judgment.'"  *Ctr. for Food Safety*

*v. EPA*, 2024 WL 1299338, at *7 (D.D.C. Mar. 26, 2024) (citing *United States v. Am. Tel. & Tel.*

*Co.*, 642 F.2d 1285, 1291–92 (D.C. Cir. 1980)).  Proposed Intervenors argue they have "a strong

interest in defending their protected whistleblower conduct" (DE 22 at 3) and "a significant

concrete interest in the outcome of this action: their careers, their reputations, and fending off

adverse collateral consequences." *Id.* at 11.  None of these "interests" are of the type required for

intervention as a matter of right—none would be gained or lost as a direct legal operation and effect of a judgment in this case.  Proposed Intervenors cite to no cases that show these "interests" are the type of legally protected interests required for intervention as a matter of right.  Because Shapley and Ziegler have no legally protected interests at stake here, this action necessarily cannot impair those nonexistent interests.

Finally, there is no risk of an interest not being adequately represented where one does not exist in the first place.  Proposed Intervenors argue IRS is not adequately represent their interests because of "the IRS *should* be wholeheartedly defending the actions of Shapley and Ziegler—but the IRS is not."  (DE 22 at 16).  To the extent that this Court views "defending their protected whistleblower conduct" (*id.* at 3) as a legally protected right, the IRS has already explicitly stated that it will take such a position.  *See* DE 21 at 1 n.1 ("Although the United States seeks to dismiss Count I only in part, the United States disputes that the IRS employees' alleged disclosures violated I.R.C. § 6103 and that Plaintiff is entitled to recover anything under I.R.C. § 7431(a)(1).  After the Court decides the pending partial motion to dismiss, *the United States will answer the remaining allegations in the amended complaint* and will raise all available defenses.") (emphasis added).  Thus, this "interest" will be adequately represented by the Defendant in this case.

### A.  No Independent Basis For Article III Standing Exists

To establish its qualifications for intervention as a matter or right, "movants for intervention in the D.C. Circuit are required 'to demonstrate Article III standing.'"  *Campaign Legal Ctr. v. FEC*, 334 F.R.D. 1, 4 (D.D.C. 2019) (citing *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015)).[3]  Article III standing requires a showing of injury-

---

[3] Proposed Intervenors argue they do not need an independent basis for Article III standing because "they seek the same relief as a party with standing.  Thus, if the IRS defends this lawsuit, Shapley and Ziegler do not need standing to defend it as well."  (DE 22 at 8).  Proposed Intervenors' position is based on *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017), which held that

in-fact, causation, and redressability. *See Deutsche Bank Nat'l Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013). Proposed Intervenors instead argue "Biden's success in this action would cause Proposed Intervenors to suffer concrete injuries-in-fact" such as the potential for "reputational and professional harm where the current parties allow any mischaracterizations of Shapley's and Ziegler's protected whistleblowing to be presented as violations of Section 6103." (DE 22 at 12). They also argue that the potential for investigations and criminal prosecution are injuries-in-fact. *Id.* at 13.

None of these are legally sufficient injuries-in-fact, which require "a showing of an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Deutsche Bank*, 717 F.3d at 193. The potential for reputational and professional harm, investigations, and criminal prosecutions are anything but concrete, particularized, actual, and imminent—they are the exact type of speculation and conjecture that the standing requirement seeks to keep out of the federal court system. There is nothing about Mr. Biden's suit against the IRS, as distinct from the actions and statement the agents took themselves which have been well-publicized, that threaten the injuries the agents allege give them any right to intervene.

---

an intervenor of right who seeks distinct relief must demonstrate independent Article III standing. However, the D.C. Circuit has held that "*Town of Chester* [] does not cast doubt upon, let alone eviscerate, our settled precedent that all intervenors must demonstrate Article III standing." *Old Dominion Electric Coop. v. Fed. Energy Reg. Comm.*, 892 F.3d 1223, 1232 n.2 (D.C. Cir. 2018). Even assuming *arguendo* that Proposed Intervenors were not required to establish an independent basis for Article III standing, their argument is incoherent. They argue intervention is necessary because "Shapley and Ziegler seek to do what the Tax Division and the IRS have failed to do: (1) move to dismiss the Amended Complaint in its entirety…" (DE 22 at 1–2). Proposed Intervenors are talking out of both sides of their mouths—arguing an independent basis for Article III standing is not required because they seek the same relief as IRS while also arguing intervention is necessary because they seek dismissal in its entirety, which IRS has not sought.

The mere fact that Shapley and Ziegler are still employed by IRS (though removed from the Biden matter) demonstrates just how speculative such potential "reputational and professional harm" is (DE 22 at 12)—they have suffered no actual, cognizable harm (other than through the media attention and scrutiny they brought onto themselves because of their own activities as "whistleblowers").  This pales in comparison to the harm suffered by IRS contractor Charles Littlejohn, who was indicted, charged, and sentenced to five years for his public release of wealthy individuals' confidential taxpayer information.[4]

## IV.    PERMISSIVE INTERVENTION IS ALSO NOT WARRANTED IN THIS CASE

Alternatively, permissive intervention is not warranted here and should be rejected outright.  In considering whether permissive intervention is warranted under Federal Rule of Civil Procedure 24(b), courts consider (1) whether the motion is timely; (2) whether the proposed intervenor shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights.  *See D.C. v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 233 (D.D.C. 2011).  "Based on these three factors,

---

[4] In fact, on June 25, 2024, the IRS issued an extraordinary public apology to financier Ken Griffin for the leak of his and others' confidential tax return information to the media by Littlejohn, the former IRS contractor, who admitted to stealing the returns of thousands of wealthy individuals. The public apology was part of a settlement between Griffin and the IRS that led Griffin to drop his suit against the agency over the leak of his return information and confidential data.  Despite agents Shapley and Ziegler, and their hired private attorneys, doing some 20 media interviews and public appearances, no apology—either from the IRS or the agents themselves—has ever been offered to Mr. Biden for the blatant and repeated disclosure and discussion of his confidential return information.  The IRS's conduct in the wake of Littlejohn's improper disclosures, and the subsequent indictment by the Department of Justice, stands in stark contrast to how the same agency has treated Mr. Biden and those who have disclosed, and/or instructed their agents to disseminate or discuss, his confidential return information.  *See* Press Release, IRS Statement As Part Of The Resolution Of Kenneth C. Griffin v. IRS (June 25, 2024), https://www.irs.gov/newsroom/irs-statement-as-part-of-the-resolution-of-kenneth-c-griffin-v-irs-case-no-22-cv-24023-sd-fla; *see also* Aimee Picchi, *IRS Apologizes To Billionaire Ken Griffin For Leaking His Tax Records*, CBS News (June 25, 2024), https://www.cbsnews.com/news/irs-ken-griffin-apology-tax-return-leak/.

a court can deny a motion for permissive intervention—even if there is a common question of law

of fact—if intervention would cause undue delay, complexity, or confusion in a case." *Stellar IT*

*Solutions, Inc. v. Immigr. & Customs Enf't*, 2019 WL 3430746, at *3 (D.D.C. July 30, 2019)

(Contreras, J.) (denying motion for permissive intervention because of a lack of common issues of

fact and potential for undue delay and prejudice to adjudicate plaintiff's claim).

    The same reasoning that carried the day in *Stellar IT Solutions* applies in the instant case.

Although their motion is timely, Proposed Intervenors' conduct makes it clear that they intend to

turn this lawsuit into a circus, starring themselves—the "real subject of [this] pending civil

lawsuit."[5]  (DE 22 at 6).  Intervention would no doubt cause the exact undue delay, complexity,

and confusion this Court has been concerned with in other cases.   For example, Proposed

Intervenors' motion extensively discusses the supposed retaliation from the government the agents

have faced as a result of their choice to "bl[o]w the whistle," which is both not at issue and non-

redressable in the present action.  *See, e.g.*, "the Government has already retaliated against them

since 2022" (*id.* at 1); "these two career IRS-CI special agents have already suffered considerable

retaliation" (*id.* at 2); "IRS's pattern and demonstrable history of retaliation against them" (*id.*

at 3); "IRS has already retaliated against Shapley and Ziegler by improperly removing them from

---

[5] Proposed Intervenors cite to *Campaign Legal Center v. Federal Election Commission*, 334 F.R.D. 1 (D.D.C. 2019) and *Campaign Legal Center v. Federal Election Commission*, 466 F. Supp. 3d 141 (D.D.C. 2020) to suggest they "support[] the simple but important legal premise that intervenors, who are the real subject of a pending civil lawsuit but who have not been named as parties, may intervene to defend themselves by filing appropriate pre-trial motions when the federal agency defendant will not or cannot adequately defend the intervenors' interests."  (DE 22 at 6).  However, *Campaign Legal Center* is readily distinguishable because the government-defendant in that case, the FEC, defaulted after failing to receive the required Commissioner votes to defendant the lawsuit.  Thereafter, two PACs moved to intervene, effectively replacing the FEC to defend the suit, in part because "there can be no question  that a defaulting defendant will not adequately represent [the intervenor-defendants'] interests."  *Campaign Legal Center*, 334 F.R.D. at 6.   This scenario is completely inapposite to the circumstances in the present action, where a government-defendant is ready, willing, and able to defend the lawsuit and there is no risk of a default judgment.

the [Biden] investigation" (*id.* at 13).   Moreover, it is neither relevant nor of any consequence that Proposed Intervenors claim a "clear conflict between the interests of" Mr. Biden, themselves, and the government (*id.* at 1), and such allegations will only cause to confuse and delay the issues in this case.

Further, "when no practical purpose is served by intervention, 'permissive intervention is inappropriate' because it would in no way 'further resolution of the case.'"   *Stellar IT Solutions*, 2019 WL 3430746, at *5 (Contreras, J) (citing *Voltage Pictures, LLC v. Vazquez*, 277 F.R.D. 28, 33 (D.D.C. 2011)).   If these agents feel they have been retaliated against by their employer, their redress is against their employer.   They have counsel to do that.   The cause of action being pursued by Mr. Biden is not the vehicle for them to pursue their alleged claims against the IRS.

The decision about whether to allow permissive intervention is one solely within the discretion of the trial court.   *See Facebook*, 456 F. Supp. 3d at 114–15.   Accordingly, this Court can, and should, consider the improper purposes and ulterior motives underlying the Proposed Intervenors' motion.   As such, the motion for permissive intervention should be denied.

## V.   CONCLUSION

For the foregoing reasons, Mr. Biden opposes the instant Joint Motion to Intervene and the Motion should be denied.

Dated: July 1, 2024                         Respectfully submitted,

                                            */s/ Abbe David Lowell*
                                            Abbe David Lowell, Bar No. 358651DC
                                            Christopher D. Man, Bar No. 453553DC
                                            WINSTON & STRAWN LLP
                                            1901 L Street, NW
                                            Washington, D.C. 20036
                                            (202) 282-5000 (ph)
                                            (202) 282-5100 (fax)

AbbeLowellPublicOutreach@winston.com

*Counsel for Robert Hunter Biden*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of July, 2024, I filed the foregoing Opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

<u>/s/ *Abbe David Lowell*</u>
Abbe David Lowell

*Counsel for Robert Hunter Biden*

10