**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT HUNTER BIDEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA,[1] ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:23-cv-02711 |

## UNITED STATES' ANSWER AND ADDITIONAL DEFENSES

In accordance with Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, the United States answers Plaintiff Robert Hunter Biden's Amended Complaint (ECF No. 15) as follows. Because the Court dismissed Count II of Mr. Biden's Complaint, the United States responds only to the allegations pertaining to Count I of the Amended Complaint. Any allegation not specifically admitted is denied.

1. The United States admits the allegations in the first three sentences of paragraph 1. The United States denies the allegations in the fourth sentence of paragraph 1. The United States admits the allegations in the fifth sentence of paragraph 1. The United States denies the remaining allegations in paragraph 1.

2. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

---

[1] The Amended Complaint names the United States Internal Revenue Service as the defendant. The IRS was the proper defendant to Plaintiff's claim under the Privacy Act, 5 U.S.C. § 552a, which has now been dismissed. *See* ECF No. 38. Accordingly, the United States is the proper defendant to Plaintiff's sole remaining wrongful disclosure claim. *See* I.R.C. § 7431(a)(1) (providing that a taxpayer may sue the United States for the alleged wrongful disclosure of protected tax return information by an officer or employee of the United States).

3. The United States denies the allegations in paragraph 3.

4. The United States denies the allegations in the first sentence of paragraph 4. The United States admits that Mr. Shapley and Mr. Ziegler have more than 27 years of experience in the IRS between them as alleged in the second sentence of paragraph 4 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in that sentence. The United States denies the remaining allegations in paragraph 4.

5. The United States admits that an attorney representing Mr. Shapley made appearances on certain news outlets beginning in April 2023 as alleged in the first sentence of paragraph 5 but lacks knowledge or information sufficient to form a belief about the truth of whether the attorney was in fact acting as Mr. Shapley's authorized representative. The United States denies that the attorney made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the remaining allegations in paragraph 5.

6. The United States admits that Mr. Shapley appeared in an interview with CBS News before giving his transcribed interview before the Committee on Ways and Means as alleged in the first sentence of paragraph 6, but the United States denies the remaining allegations in paragraph 6.

7. The United States admits that in late May and early June 2023, respectively, IRS agents Shapley and Ziegler testified in transcribed interviews before the Committee on Ways and Means as alleged in the first sentence of paragraph 7 and denies the remaining allegations in the first sentence of paragraph 7. The United States admits the allegations in the second through sixth sentences of paragraph 7 contain quoted statements from the Committee on Ways and Means. The United States denies the allegations in the seventh sentence of paragraph 7.

8. The United States denies the allegations in paragraph 8.

9. The United States denies the allegations in the first sentence of paragraph 9. The United States admits that Mr. Ziegler was interviewed by Jake Tapper of CNN on or about July 20, 2023, as alleged in the second sentence of paragraph 9, but denies the remaining allegations in that sentence. The United States admits the allegations in the third sentence of paragraph 9. The United States admits that Mr. Shapely gave an interview to Fox News that aired on or about August 1, 2023, as alleged in the fourth sentence of paragraph 9, but denies the remaining allegations in that sentence. The United States denies the allegations in the fifth sentence of paragraph 9.

10. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 10. The United States denies the remaining allegations in paragraph 10.

## JURISDICTION AND VENUE

11. The United States admits that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, 1346, and I.R.C. § 7431(a) as alleged in paragraph 11. The Court does not have jurisdiction pursuant to 5 U.S.C. § 522a(g)(1)(D) because the Court dismissed Mr. Biden's Privacy Act claim.

12. The United States admits the allegations in paragraph 12.

## THE PARTIES

13. The United States admits the allegations in paragraph 13.

14. The United States admits the allegations in paragraph 14.

15. The United States admits the allegations in paragraph 15.

16. The United States admits the allegations in paragraph 16.

17. The United States admits the allegations in paragraph 17.

18. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

## FACTUAL ALLEGATIONS

20. The United States denies the allegations in paragraph 20.

21. The United States admits that a letter dated, on or around April 19, 2023, from an attorney to various members of Congress stated that such purported attorney's client, "has been overseeing the ongoing and sensitive investigation of a high-profile, controversial subject since early 2020" as alleged in the first sentence of paragraph 21. The United States denies that the letter described in the first sentence of paragraph 21 was an unauthorized disclosure of confidential return information. The United States admits the second and third sentences of paragraph 21. The United States denies the remaining allegations in paragraph 21.

22. The United States admits the first sentence of paragraph 22. The United States denies the remaining allegations in paragraph 22.

23. The United States admits the allegations in the first sentence of paragraph 23. The United States admits that Mr. Shapley's attorney thanked Mr. Solomon for having him on John Solomon Reports and proceeded with the interview as alleged in the second sentence of paragraph 23, but the United States denies the remaining allegations in that sentence. The United States admits that Mr. Shapley's attorney stated the quoted language in the third and fourth sentences of paragraph 23 but denies that Mr. Shapley's attorney made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fifth sentence of paragraph 23. The United States admits that Mr. Biden did not

4

request, authorize, or otherwise consent to the statements made by Mr. Shapley's attorney as alleged in the sixth sentence of paragraph 23.

24. The United States admits that, on or around April 19, 2023, an attorney of Mr. Shapley appeared in an interview with Jim Axelrod of CBS News as alleged in the first sentence of paragraph 24, but the United States denies the remaining allegations in that sentence. The United States admits that Mr. Shapley's attorney said that "typical steps that a law enforcement investigator would take were compromised because of political considerations" as alleged in the second sentence of paragraph 24 but denies the remaining allegations in that sentence. The United States admits the allegations in the third sentence of paragraph 24.  The United States denies the allegations in the fourth sentence of paragraph 24. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley's attorney during the interview as alleged in the fifth sentence of paragraph 24.

25. The United States admits that, on or around April 20, 2023, an attorney of Mr. Shapley appeared in an interview with Bret Baier of Fox News as alleged in the first sentence of paragraph 25 but denies the remaining allegations in that sentence. The United States admits that Mr. Baier made the statement quoted in the second sentence of paragraph 25. The United States admits that the attorney of Mr. Shapley did not object or otherwise address Mr. Baier's statement but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence of paragraph 25. The United States admits that sentences four through nine of paragraph 25 quote portions of the interview, including statements made by an attorney of Mr. Shapley, but denies that the attorney made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the tenth sentence of paragraph 25. The United States admits that Mr. Biden did not request, authorize, or

otherwise consent to the statements made by Mr. Shapley's attorney during the interview as alleged in the eleventh sentence of paragraph 25.

26. The United States admits the allegations in the first sentence of paragraph 26. The United States denies the allegations in the second sentence of paragraph 26. The United States lacks knowledge or information sufficient to form a belief about the truth of allegations in the third and fourth sentences of paragraph 26. The United States denies the allegations in the fifth sentence of paragraph 26. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley during the interview as alleged in the sixth sentence of paragraph 26. The United States denies the remaining allegations in paragraph 26.

27. The United States admits the allegations in the first sentence of paragraph 27. The United States lacks knowledge or information sufficient to form a belief about the truth of the second sentence of paragraph 27. The United States admits the Committee on Ways and Means made the statements quoted in the third and fourth sentences of paragraph 27. The United States admits the Committee on Ways and Means made the statement quoted in the fifth sentence of paragraph 27 but lacks knowledge or information sufficient to form a belief about the remaining allegations in the fifth sentence. The United States denies the remaining allegations in paragraph 27.

28. The United States admits that Mr. Shapley gave a transcribed interview before the Committee on Ways and Means as authorized under I.R.C. § 6103(f)(5). The United States denies the remaining allegations in paragraph 28.

29. The United States admits the allegations in the first sentence of paragraph 29. The United States lacks knowledge or information sufficient to form a belief about the truth of the

second sentence in paragraph 29. The United States admits the third, fourth, and fifth sentences of paragraph 29. The United States denies the remaining allegations in paragraph 29.

30. The United States admits that Mr. Ziegler gave a transcribed interview before the Committee on Ways and Means as authorized under I.R.C. § 6103(f)(5). The United States denies the remaining allegations in paragraph 30.

31. The United States admits the allegations in paragraph 31.

32. The United States admits that the Committee on Ways and Means posted the full transcripts of Mr. Shapley's May 26, 2023 testimony and Mr. Ziegler's June 1, 2023 testimony publicly on its website, with certain identities redacted as alleged in paragraph 32. The United States denies the remaining allegations in paragraph 32.

33. The United States admits that, on or around June 28, 2023, Mr. Shapley appeared in an interview with Bret Baier of Fox News as alleged in the first sentence of paragraph 33 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States admits the allegations in the second sentence of paragraph 33. The United States admits that Mr. Shapley made the statement quoted in the third sentence of paragraph 33 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fourth sentence of paragraph 33. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to Mr. Shapley's statements made during the interview as alleged in the fifth sentence of paragraph 33.

34. The United States admits Mr. Shapley made the statement quoted in the first sentence of paragraph 34 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States lacks knowledge or information

sufficient to form a belief about the truth of the allegations in the second sentence in paragraph 34. The United States admits Mr. Shapley made the statements referenced in the third sentence of paragraph 34 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fourth sentence of paragraph 34. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to Mr. Shapley's statements made during the interview as alleged in the fifth sentence of paragraph 34.

35. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 35. The United States denies the allegations in the second sentence of paragraph 35. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapely during the interview as alleged in the third sentence of paragraph 35.

36. The United States admits that on or around June 28, 2023, Mr. Shapley appeared on CBS News with Jim Axelrod as alleged in the first sentence of paragraph 36 but denies that Mr. Shapely made an unauthorized disclosure of Mr. Biden's confidential return information. The United States admits Mr. Shapely made the statement quoted in the second sentence of paragraph 36 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States further denies the remaining allegations in the second sentence. The United States admits Mr. Shapely made the statement quoted in the third sentence of paragraph 36 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fourth sentence of paragraph 36. The United States admits that Mr. Biden did not request, authorize, or otherwise

consent to the statements made by Mr. Shapley during the interview as alleged in the fifth sentence of paragraph 36.

37. The United States admits that the allegations in the first sentence of paragraph 37. The United States denies the allegations in the second sentence of paragraph 37. The United States admits that Mr. Shapley made the statements quoted in the third and fourth sentences of paragraph 37 but denies that Mr. Shapley made an unauthorized disclosure of Mr. Biden's confidential return information. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence of paragraph 37. The United States denies the sixth sentence of paragraph 37. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley during the interview as alleged in the seventh sentence of paragraph 37.

38. The United States admits the allegations in the first two sentences of paragraph 38. The United States denies the remaining allegations in paragraph 38.

39. The United States admits the allegations in the first sentence of paragraph 39. The United States denies the allegations in the second and third sentences of paragraph 39. The United States admits that Mr. Ziegler made the statement quoted in the fourth sentence of paragraph 39 but denies that Mr. Ziegler made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fifth, sixth, and seventh sentences of paragraph 39.  The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Ziegler during the interview as alleged in the eighth sentence of paragraph 39.

40. The United States admits the allegations in the first sentence of paragraph 40. The United States denies the allegations in the second sentence of paragraph 40. The United States

admits that Mr. Shapley made the statements quoted in the third sentence of paragraph 40 but denies that Mr. Ziegler made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fourth sentence of paragraph 40. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapely during the interview as alleged in the fifth sentence of paragraph 40.

      41.      The United States admits the first sentence of paragraph 41. The United States denies the second sentence of paragraph 41. The United States admits that an attorney of Messrs. Shapley and Ziegler made the statements quoted in the third sentence of paragraph 41 but denies that the attorney made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the remaining allegations in paragraph 41.

      42.      The United States admits the allegations in the first sentence of paragraph 42. The United States denies the allegations in the second and third sentences of paragraph 42. The United States admits that Mr. Ziegler made the statements quoted in the fourth sentence of paragraph 42 but denies that Mr. Ziegler made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fifth sentence of paragraph 42. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Ziegler during the interview as alleged in the sixth sentence of paragraph 42.

      43.      The United States admits the allegations in the first sentence of paragraph 43. The United States denies the allegations in the second sentence of paragraph 43. The United States admits that the attorney made the statements quoted in the third through sixth sentences of paragraph 43 but denies that the attorney made an unauthorized disclosure of Mr. Biden's

confidential return information. The United States denies the allegations in the seventh sentence of paragraph 43. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley's representative during the interview as alleged in the eighth sentence of paragraph 43.

44. The United States admits that, on or around July 31, 2023, an attorney for Mr. Shapley appeared on Fox News as alleged in the first sentence of paragraph 44 but denies the remaining allegations in that sentence. The United States admits that Mr. Shapley's attorney made the statements quoted in the second and third sentences of paragraph 44 but denies that the attorney made an unauthorized disclosure of Mr. Biden's confidential return information. The United States denies the allegations in the fourth sentence of paragraph 44. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley's attorney during the interview as alleged in the fifth sentence of paragraph 44.

45. The United States admits that on or around August 1, 2023, Mr. Shapley appeared on Fox News but denies the remaining allegations in the first sentence of paragraph 45. The United States denies the allegations in the second through seventh sentences of paragraph 45. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley during the interview as alleged in the eighth sentence of paragraph 45.

46. The United States admits the allegations in the first sentence of paragraph 46. The United States denies the allegations in the second sentence of paragraph 46. The United States admits that Mr. Biden did not request, authorize, or otherwise consent to the statements made by Mr. Shapley during the interview as alleged in the third sentence of paragraph 46.

47. The United States denies the allegations in paragraph 47.

## COUNT I

48. The United States incorporates its responses to paragraphs 1 to 47 herein.

49. The United States admits the statement of law in the first, third, and fourth sentences of paragraph 49. The United States admits the allegation in the second sentence of paragraph 49.

50. The United States admits the statement of law in paragraph 50.

51. The United States admits the statement of law in paragraph 51.

52. The United States admits the statement of law in paragraph 52.

53. The United States admits the statement of law in paragraph 53.

54. The United States denies the allegations in paragraph 54.

55. The United States denies the allegations in paragraph 55.

56. The United States denies the allegations in the first sentence of paragraph 56. The United States admits that Mr. Shapley's attorney, during his April 19, 2023 interview on John Solomon Reports, said that IRS agents are "trained in . . . Title 26 U.S.C. Section 6103" as alleged in the second sentence of paragraph 56 but denies the remaining allegations in that sentence. The United States admits the remaining allegations in the third through sixth sentences of paragraph 56 but denies that there were any unauthorized disclosures of Mr. Biden's confidential return information.

57. The United States denies the allegations in paragraph 57.

58. The United States admits that Mr. Biden did not request the disclosure of his return information to the public pursuant to 26 U.S.C. § 7431(b)(2).

59. The United States denies the allegations in paragraph 59.

60. The United States denies that Mr. Biden is entitled to any statutory damages as alleged in paragraph 60.

61. The United States denies the allegations in paragraph 61.

## COUNT II

62. Paragraphs 62 to 68 relate to Mr. Biden's now-dismissed Privacy Act claim. Because that claim has been dismissed, the United States does not respond to these allegations.

## FIRST ADDITIONAL DEFENSE

Disclosures alleged as wrongful in this case were authorized under I.R.C. § 6103(f)(5).

## SECOND ADDITIONAL DEFENSE

There is no violation of § 6103 for the disclosure of return information that has already been disclosed in the public record.

## THIRD ADDITIONAL DEFENSE

Any disclosures of return information in this case resulted from a good-faith interpretation of § 6103. *See* I.R.C. § 7431(b)(1).

## FOURTH ADDITIONAL DEFENSE

Punitive damages are unavailable absent proof of actual damages under I.R.C. § 7431(c)(1)(B). Because Mr. Biden seeks statutory damages under I.R.C. § 7431(c)(1)(A), punitive damages are unavailable.

## FIFTH ADDITIONAL DEFENSE

Attorney's fees are only available to a prevailing party, as defined in 18 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court enter judgment in favor of the United States and grant such other relief as the Court deems appropriate.

Dated: October 11, 2024	Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9779 (v)
(214) 880-9741 (f)
Mary.E.Smith@usdoj.gov

*/s/ Jeremy A. Rill*
JEREMY A. RILL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov