UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HUNTER BIDEN,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civil Action No. 1:23-cv-02711-RC<br><br>Hon. Rudolph Contreras |

## LOCAL CIVIL RULE 16.3 MEET AND CONFER REPORT

In accordance with Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), Plaintiff Robert Hunter Biden ("Mr. Biden") and Defendant the United States of America jointly file this meet and confer report pursuant to the Court's Order dated October 15, 2024 (Min. Ent. on 10/15/24). Counsel for the parties met by video-conference on October 16, 2024 and October 22, 2024, and conferred concerning the matters set forth in Local Civil Rule 16.3(c), and hereby submit the following joint report. A proposed Scheduling Order is attached for the Court's consideration.[1]

*Local Civil Rule 16.3(c) Matters*

    **1.** **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

---

[1] On October 25, 2024, Gary Shapley and Joseph Ziegler filed a notice of appeal of the Court's Order denying their motion to intervene. ECF No. 42. Because the notice of appeal does not automatically stay this case, *see Scotts Valley Band of Pomo Indians v. United States Dept. of Interior*, No. 19-1544, 2021 WL 984954 (D.D.C. Jan. 11, 2021), Mr. Biden and the United States submit this report to comply with the Court's Minute Order dated October 15, 2024.

- 1 -

There are no dispositive motions currently pending before the Court. The Parties reserve the right to file any discovery-related motions if necessary, as well as dispositive motions after discovery is completed. The Parties have proposed dates for dispositive motions in Paragraph 6.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties believe that all parties are joined in this case, and that no amendments are currently planned (prior to discovery occurring). In light of the Court's memorandum opinion dated September 27, 2024 (ECF 39), the Parties do not anticipate any additional parties being joined in this case.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties agree that this case should not be assigned to a magistrate judge for all purposes but agree that discovery matters may be referred to a magistrate judge at the Court's discretion.

**4. Whether there is a realistic possibility of settling the case.**

The Parties remain open to settlement discussions, and counsel for the Parties will continue to discuss a possible resolution as the case moves forward and will notify the Court if an agreement is reached.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not believe that the case would benefit from ADR at this time.

> **6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

To the extent the Parties determine that a dispositive motion would narrow or resolve the case, the Parties propose that such motions be filed after the close of discovery as follows:

| | |
|---|---|
| Deadline for Motions for Summary Judgment or Judgment on the Pleadings: | July 30, 2025 |
| Deadline for Opposition(s) to Any Such Motion(s): | September 1, 2025 |
| Deadline for Reply/Replies Supporting Any Such Motions: | September 15, 2025 |

> **7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties have agreed to exchange their initial disclosures by November 12, 2024.

> **8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties anticipate each side will take up to the ten (10) depositions allotted by Federal Rule of Civil Procedure 30, as well as any expert depositions, but reserve the right to mutually agree to or request leave from the Court for additional depositions if needed. The Parties also anticipate reasonable document discovery and that each Party will likely serve requests for production, interrogatories, and requests for admission pursuant to the Federal Rules of Civil Procedure.

As is often the case, it is likely the Parties will disagree on the proper scope of discovery in this case. The Parties intend to confer in good faith on all discovery disputes and raise any disputes with the Court, if necessary, at the appropriate time. Considering the scope of discovery

initially proposed by Plaintiff, the Parties believe that fact discovery and expert discovery can reasonably be completed by June 30, 2025.

**9.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree to produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files. In the event metadata is desired by a receiving party but cannot reasonably be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis. To the extent either side seeks the production of email or other electronic communications, the Parties agree that they will confer in good faith and establish reasonable search parameters, including search terms, custodians, and time periods; the Parties further agree that they will establish a timetable for production of responsive information that takes into consideration the volume of materials to be searched and the total number of responsive documents to be produced.

**10.   Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

This case may raise attorney-client privilege issues related to non-party witnesses. The Parties will confer with the non-parties, as necessary, to determine the extent of any disputes and whether an order under Federal Rule of Evidence 502 is necessary.

**11.   Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties contemplate the need for expert witnesses and have proposed the following deadlines:

Expert Disclosures and Reports:        March 31, 2025

| | |
|---|---|
| Rebuttal Expert Reports: | May 30, 2025 |
| Close of Expert Discovery: | June 30, 2025 |

**12.   In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This is not a class action.

**13.   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties believe bifurcation is unnecessary at this time.

**14.   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties ask that a pretrial conference not be scheduled until after the Court resolves any dispositive motions.

**15.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties ask that a trial date be set, if necessary, at the pretrial conference.

**16.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties do not believe that other matters need to be included in a scheduling order.

Respectfully Submitted,

Dated: October 29, 2024        By:   /s/ *Abbe David Lowell*
Abbe David Lowell, Bar No. 358651DC
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, D.C. 20036
(202) 282-5000 (ph)
(202) 282-5100 (fax)
AbbeLowellPublicOutreach@winston.com

*Counsel for Plaintiff Robert Hunter Biden*

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ *Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9779 (v)
(214) 880-9741 (f)
Mary.E.Smith@usdoj.gov

/s/ *Jeremy A. Rill*
JEREMY A. RILL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2024, I filed the foregoing Local Rule 16.3 Meet and Confer Report with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Plaintiff Robert Hunter Biden*